UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DANIEL ROYBAL and VIDA ROYBAL,

                 NO. CIV. S 05-1207 MCE KLM

       Plaintiffs,

   v.                  <u>MEMORANDUM AND ORDER</u>

EQUIFAX, TRANSUNION, EXPERIAN,
RICKENBACKER, MEDAMERICA, CITY
TOWING BODY SHOP, INC., SEARS,
and DOES 1 through 50,

       Defendants.

----oo0oo----

Through the present action, Plaintiffs Daniel and Vida
Roybal ("Plaintiffs") allege that Equifax, Transunion, Experian,
Rickenbacker, Medamerica, City Towing Body Shop, Inc. and Sears
(collectively, "Defendants") violated both state and federal
consumer protection laws by furnishing and reporting erroneous
credit information on Plaintiffs' credit report.[1]

---

[1]The state claims that are the subject of this motion are
Unfair Business Practices, Cal. Bus. and Prof. Code §§ 17200 et.
(continued...)

1

1    Defendant Rickenbacker ("Rickenbacker") now moves to dismiss

2    Plaintiffs' State and Federal Claims pursuant to Federal Rule of

3    Civil Procedure 12(b)(6) on the ground that Plaintiffs have

4    failed to state a claim upon which relief can be granted.  For

5    the reasons set for more fully below, Rickenbacker's motion to

6    dismiss Plaintiffs' State and Federal Claims is granted.[2]

7

8                            **BACKGROUND**

9

10    Plaintiffs are consumers that discovered, in or around

11    December 2003, their credit report contained grossly inaccurate

12    credit information.  Plaintiffs contend that they repeatedly

13    contacted both the credit reporting agencies ("CRAs") as well as

14    the furnishers of the credit information to alert them to the

15    erroneous entries.  Plaintiffs allege that neither the CRAs nor

16    the furnishers of the credit information offered them any relief.

17    On May 10, 2005, Plaintiffs filed suit against Defendants in

18

19 ─────────────────

20    [1](...continued)
   seq. (first cause of action); Consumer Legal Remedies Act, Cal.
   Civil Code § 1750 et. seq.(second cause of action); Negligent
21   Misrepresentation (third cause of action); and, Negligence; Cal.
   Civil Code § 1714 (fourth cause of action); Fair Debt Collection
22   Practices Act, Cal. Civil Code § 1788.17 (eighth cause of
   action)("State Claims").
23
      The federal claims that are the subject of this motion are
24   Fair Credit Billing Act; 15 U.S.C. 1666 (fifth cause of action);
   Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (sixth cause
25   of action); Fair Debt Collection Practices Act, 15 U.S.C. § 1692
   et. seq. (seventh cause of action)(collectively, "Federal
26   Claims").

27      [2]Because oral argument will not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
28   Local Rule 78-230(h).

                                 2

1 the California Superior Court alleging that Defendants caused
2 them injury by falsely furnishing and reporting negative credit
3 information.  Defendants removed the case to this Court based on
4 federal question jurisdiction.

5

6                              **STANDARD**

7

8       On a motion to dismiss for failure to state a claim under
9 Rule 12(b)(6), all allegations of material fact must be accepted
10 as true and construed in the light most favorable to the
11 nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,
12 337-38 (9th Cir. 1996).  A complaint will not be dismissed for
13 failure to state a claim "'unless it appears beyond doubt that
14 plaintiff can prove no set of facts in support of [his or] her
15 claim that would entitle [him or] her to relief.'"  <u>Yamaguchi v.</u>
16 <u>Dep't of the Air Force</u>, 109 F.3d 1475, 1480 (9th Cir. 1997)
17 (quoting <u>Lewis v. Tel. Employees Credit Union</u>, 87 F.3d 1537, 1545
18 (9th Cir. 1996)).

19       If the court grants a motion to dismiss a complaint, it must
20 then decide whether to grant leave to amend.  The Court should
21 "freely give[]" leave to amend when there is no "undue delay, bad
22 faith[,] dilatory motive on the part of the movant, . . . undue
23 prejudice to the opposing party by virtue of . . . the amendment,
24 [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a);
25 <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Generally, leave to
26 amend is only denied when it is clear that the deficiencies of
27 the complaint cannot be cured by amendment.  <u>DeSoto v. Yellow</u>
28 <u>Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

                                  3

**ANALYSIS**

**1.   Fair Credit Reporting Act Claim**

Plaintiffs have instituted this private right of action against Defendants including Rickenbacker, a furnisher of consumer credit information, for violations of the Fair Credit Reporting Act ("FCRA").  Plaintiffs allege that Rickenbacker proffered inaccurate credit information about Plaintiffs without properly investigating their complaints or removing erroneous credit entries.  Rickenbacker rebuts that the FCRA provides only a limited right of private enforcement against furnishers of credit information and that Plaintiffs do not have standing to bring this action.

The Ninth Circuit spoke to this precise question in <u>Nelson v. Chase Manhattan Mortgage Corp.</u> wherein the court discussed whether a private right of action exists against a furnisher of credit under the FCRA.  There, the Ninth Circuit explained the issue as follows:

> "It can be inferred from the structure of the [FCRA] that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties [owed by furnishers of credit information] to governmental bodies.  But Congress did provide a filtering mechanism ... by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher.  With this filter in place and opportunity for the furnisher to save itself from liability by taking the steps required by § 1681s-2(b), Congress put no limit on private enforcement under §§ 1681n & o."

282 F.3d 1057, 1060 (9th Cir. 2002).

4

1    The foregoing makes clear that a private right of action
2 against a furnisher of credit exists only if the disputatious
3 consumer notifies the CRAs in the first instance.  The CRAs then
4 have an obligation to investigate whether the claim is frivolous
5 or irrelevant.  See 15 U.S.C. § 1681i(a)(3).  Once a claim is
6 deemed viable, the CRAs must contact the furnisher of the credit
7 information which affords an opportunity to investigate and
8 rectify erroneous reports.  See 15 U.S.C. § 1681s-2(b).  The
9 furnisher's duty to investigate, however, does not arise unless
10 it receives notice of the dispute from the CRAs directly.
11 Bypassing the filter and contacting the furnisher of credit
12 directly does not actuate the furnisher's obligation to
13 investigate nor does it give rise to a private right of action.
14 See Nelson, 282 F.3d at 1060.

15    In order for Plaintiffs to state a claim under the FCRA
16 against a furnisher of credit such as Rickenbacker, Plaintiffs
17 must allege that they contacted the CRAs who, in turn, determined
18 the claim was viable and contacted Rickenbacker triggering
19 Rickenbacker's duty to investigate.  Since Plaintiffs have failed
20 to allege the foregoing as required, they lack standing to bring
21 this private right of action against Rickenbacker.  Accordingly,
22 Rickenbacker's motion to dismiss Plaintiffs' FCRA claim is
23 granted with leave to amend.

24

25 **2.   Fair Credit Billing Act Claim**

26

27    Rickenbacker argues that Plaintiffs have failed to state a
28 claim under the Fair Credit Billing Act ("FCBA") because the FCBA

1   only applies to open end credit plans.[3]  Rickenbacker argues that

2   the transactions underlying Plaintiffs claims are closed end

3   rather than open end taking them outside the scope of the FCBA.

4   Plaintiffs have failed to rebut Rickenbacker's contention but

5   instead merely request dismissal of all Federal Claims and remand

6   of all State Claims to the state court.

7        By its very terms, the FCBA's billing error section applies

8   solely to creditors of open end credit plans.  Specifically, the

9   definition of creditor under the FCBA is limited as follows:

10       "For the purpose of the requirements imposed under
         chapter 4 [15 USCS §§ 1666 et seq.] ... the term
11       "creditor" shall also include card issuers ..., and the
         Board shall, by regulation, apply these requirements to
12       such card issuers, to the extent appropriate, *even
         though the requirements are by their terms applicable
13       only to creditors offering open-end credit plans*."

14  15 U.S.C. § 1602 (emphasis added).

15       Because the definition of "creditor" as used in section 1666

16  only applies to creditors offering open end credit plans and

17  Plaintiffs have not alleged that the transaction underlying this

18  claim is based on an open end credit plan, this claim must be

19  dismissed with leave to amend.

20

21  **3.    Fair Debt Collection Practices Act Claim**

22

23       Next, Rickenbacker seeks to have Plaintiffs' Fair Debt

24

25       [3]An open end credit plan is one where the creditor
    reasonably contemplates repeated transactions, which prescribes
26  the terms of such transactions, and which provides for a finance
    charge which may be computed from time to time on the outstanding
27  unpaid balance.  15 U.S.C. 1602(I).  All credit that is not
    characterized as open end is considered closed end.  See 12
28  C.F.R. 226.2(a)(10).

6

1   Collection Practices Act ("FDCPA") claim dismissed on the ground

2   that it was not timely filed.  Under the FDCPA, a claim must be

3   brought within one year of the violation.  15 U.S.C. § 1692k(d).

4   Here, Plaintiffs allege in their complaint that Defendants

5   violated the FDCPA by "report[ing] false and derogatory

6   information."  Pl.s' Compl. ¶ 53.  Plaintiffs claim that there

7   were erroneous entries on their credit report as far back as 1997

8   and 2001.  Id. at ¶ 11.  Assuming the alleged violations occurred

9   at the time the information was reported, Plaintiffs' action

10  would have accrued in 1997 and 2001.  Using this measure, the

11  statute of limitations would have run no later than the end of

12  2002.[4]  Consequently, Plaintiffs' claim under the FDCPA is time

13  barred.  This claim is dismissed without leave to amend.

14

15  **4.   Preemption of State Law Claims**

16

17       In addition to the foregoing Federal Claims, Plaintiff has

18  alleged violations of California's Unfair Competition Law,

19  California's Consumer Legal Remedies Act, negligent

20  misrepresentation, and common law negligence.  Rickenbacker seeks

21  to have these State Claims against it dismissed on the ground

22  that they are entirely preempted by the FCRA.  Plaintiffs do not

23  rebut Rickenbacker's contention.  Again, Plaintiffs merely urge

24  the Court to dismiss their Federal Claims and remand their

25

26       [4]Even assuming, however, that this action accrued as late as
    the date Plaintiffs learned of the negative credit entries in
27  December 2003, the statute would have run by December 2004.  This
    action was commenced on May 10, 2005, well beyond the latest
28  possible date of accrual.

7

1  remaining State Claims to the state court.

2      The FCRA establishes standards for the collection,

3  communication and use of consumer information for business

4  purposes.  Through the FCRA, Congress has elected to establish a

5  scheme of uniform requirements regulating the use, collection and

6  sharing of consumer credit information.  In order to maintain

7  this uniformity, Congress included express preemption clauses in

8  the FCRA relating to various aspects of consumer credit

9  reporting.  One area Congress has chosen to preempt is the

10  regulation of furnishers of credit information.  Specifically,

11  the FCRA provides as follows:

12      "No requirement or prohibition may be imposed under the
       laws of any State with respect to any subject matter
13      regulated under section 1681s-2, relating to the
       responsibilities of persons who furnish information to
14      consumer reporting agencies, except that this paragraph
       shall not apply with respect to section 1785.25(a) of
15      the California Civil Code...."

16  15 U.S.C. § 1681t(b)(1)(F)(ii).

17      On its face, the FCRA precludes all state statutory or

18  common law causes of action that would impose any "requirement or

19  prohibition" on the furnishers of credit.[5]  Because Plaintiffs'

20  State Claims are based on alleged injury arising purely from the

21

22      [5]While there is an exception to this rule for California
   Civil Code section 1785.25(a), Plaintiffs have not alleged a
23  violation of that provision.  Even assuming, however, that
   Plaintiffs had so alleged, the Court finds that there is no
24  private right of action under section 1785.25(a).  California
   Civil Code section 1785.25(a) does not itself provide for a
25  private right of action.  Rather, the language which affords
   consumers a private right of action is found in California Civil
26  Code sections 1785.25(g) and 1785.31.  Since only section
   1785.25(a) is excepted from preemption but not sections
27  1785.25(g) or 1785.31, the Court finds that no private right of
   action exists under section 1785.25(a).  See Lin v. Universal
28  Card Servs. Corp., 238 F. Supp. 2d 1147, 1152 (D. Cal. 2002).

8

1  reporting of credit information by a furnisher of credit, they

2  are completely preempted.  Several courts that have analyzed this

3  preemption clause concur. See, e.g., <u>Jaramillo v. Experian Info.</u>

4  <u>Solutions, Inc.</u>, 155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001)("it

5  is clear ... that Congress wanted to eliminate all state causes

6  of action relating to the responsibilities of persons who furnish

7  [credit] information"); <u>Hasvold v. First USA Bank</u>, 194 F. Supp.

8  2d 1228, 1239 (D. Wyo. 2002)("federal law under the FCRA preempts

9  plaintiff's claims [for defamation and invasion of privacy]

10 against the defendant relating to it as a furnisher of

11 information"); <u>Riley v. Gen. Motors Acceptance Corp.</u>, 226 F.

12 Supp. 2d 1316, 1322 (S.D. Ala. 2002)(finding preemption of state

13 tort claims for negligence, defamation, invasion of privacy and

14 outrage).

15      Because Plaintiffs State Claims arise solely from the

16 allegation that Rickenbacker reported erroneous credit

17 information to the national CRAs as a furnisher of credit, FCRA

18 preempts Plaintiffs' State Claims in their entirety.  Thus,

19 Plaintiffs' State Claims are dismissed without leave to amend.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1
2
3                                    **CONCLUSION**
4
5          Defendant Rickenbacker's motion to dismiss Plaintiffs' Fair
6   Credit Reporting Act claim and Fair Credit Billing Act claim is
7   GRANTED with leave to amend.  Plaintiffs may file an amended
8   complaint not later than twenty (20) days following the date of
9   this Order.  Defendant Rickenbacker's motion to dismiss
10  Plaintiffs' Fair Debt Collection Practices Act claim and State
11  Claims is GRANTED without leave to amend.
12         IT IS SO ORDERED.
13
14  October 19, 2005
15
16
17  _____
18  MORRISON C. ENGLAND, JR
    UNITED STATES DISTRICT JUDGE
19
20
21
22
23
24
25
26
27
28