UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---oo0oo---

DANIEL ROYBAL and VIDA ROYBAL,

        Plaintiffs,

   v.

EQUIFAX, TRANSUNION, EXPERIAN, RICKENBACKER, MEDAMERICA, CITY TOWING BODY SHOP, INC., SEARS, and DOES 1 through 50,

        Defendants.

2:05-cv-1207-MCE-KLM

MEMORANDUM AND ORDER

Through the present action, Plaintiffs Daniel and Vida Roybal ("Plaintiffs") allege that Equifax, Transunion, Experian, Rickenbacker, Medamerica, City Towing Body Shop, Inc. and Sears[1]

---

[1] Neither City Towing Body Shop nor Sears have submitted papers either seeking dismissal or joining in the pending Motions to Dismiss. Accordingly, the present Order shall have no applicability as to them.

1

violated both state and federal consumer protection laws[2] by furnishing and reporting erroneous credit information on Plaintiffs' credit report.

Defendant credit reporting agencies Equifax, TransUnion, Experian,(collectively, "CRA Defendants") and Defendant furnisher of credit Medamerica, Inc. ("Medamerica") now move to dismiss Plaintiffs' State and Federal Claims pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative Rule 12(c), on the ground that Plaintiffs have failed to state a claim upon which relief can be granted.  For the reasons set forth below, Defendants' Motions to Dismiss Plaintiffs' State and Federal Claims are granted in part and denied in part.

**BACKGROUND**

The Court has previously set forth a detailed factual background for this action in its Order of October 19, 2005, which is incorporated by reference and need not be reproduced herein.  Mem. & Order 2-3, October 19, 2005.

---

[2] The state claims that are the subject of this motion are Unfair Business Practices, Cal. Bus. and Prof. Code §§ 17200 et. seq. (first cause of action); Consumer Legal Remedies Act, Cal. Civil Code § 1750 et. seq.(second cause of action); Negligent Misrepresentation (third cause of action); and, Negligence; Cal. Civil Code § 1714 (fourth cause of action); Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17 (eighth cause of action)("State Claims").

The federal claims that are the subject of this motion are Fair Credit Billing Act; 15 U.S.C. 1666 (fifth cause of action); Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (sixth cause of action); Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (seventh cause of action)(collectively, "Federal Claims").

2

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). A complaint will not be dismissed for failure to state a claim "'unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his or] her claim that would entitle [him or] her to relief.'" *Yamaguchi v. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The Court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

///
///
///
///
///

**ANALYSIS**

**1. Fair Credit Reporting Act**

    **A. CRA Defendants**

Credit reporting agencies ("CRAs") have an obligation under the Fair Credit Reporting Act ("FCRA") to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. 1681e(b). In tandem with the foregoing requirement, CRAs must respond to a consumer's direct report of disputed credit entries by investigating the reported dispute within thirty days of the date notice of such dispute is received. 15 U.S.C. § 1681i(a)(1)(A). The FCRA provides for compensation in the form of actual damages and attorneys' fees if a CRA negligently fails to comply with any provision of FCRA. 15 U.S.C. § 1681o. In addition, a consumer can recover punitive damages for willful non-compliance. 15 U.S.C. § 1681n; *see also Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

Liability for failing to accurately report a consumer's credit history is predicated on the consumer's obligation to report any alleged inaccuracy to the CRA directly. 15 U.S.C. § 1681i(a)(1)(A). The CRA Defendants collectively contend that Plaintiffs failed to allege they directly noticed the CRAs of the inaccurate credit entries. In reviewing Plaintiffs' Complaint, the Court agrees and finds that Plaintiffs failed to properly allege they tendered notice to the CRAs in the first instance.
///

Plaintiffs merely state they "complained on numerous occasions for months about this unfair business practice and its negative impact on their credit." Pl's. Compl. ¶ 12. Even taking the facts in the light most favorable to the Plaintiffs as the Court must, Plaintiffs have failed to adequately allege notice. Each CRA Defendant's obligation to reasonably investigate a claim does not arise until notice has been tendered. Accordingly, liability cannot be established absent specific allegations demonstrating what notice, if any, was tendered to each Defendant CRA. *In re Silicon Graphics*, 970 F.Supp. 746, 752 (N.D. Cal. 1997) (holding that a plaintiff suing multiple defendants is obligated to distinguish among those they sue and enlighten each defendant as to his or her part in the alleged wrongdoing). Accordingly, the CRA Defendants' Motion to Dismiss is granted with twenty (20) days leave to amend from the date of this Memorandum and Order.

**B.   Furnisher of Credit Defendant**

Medamerica is the only furnisher of credit presently seeking dismissal. Medamerica is in precisely the same position in this litigation as was Defendant Rickenbacker in its Motion to Dismiss. Accordingly, the rationale applied to Defendant Rickenbacker in this Court's October 19, 2006, Memorandum and Order applies with equal force to Defendant Medamerica. Specifically, as a furnisher of credit, a private right of action under the FCRA exists only if the disputatious consumer notifies the CRA in the first instance. Once a claim is deemed viable, the CRA must contact the furnisher of the credit information

5

which affords an opportunity to investigate and rectify erroneous reports.
See Mem. & Order, October 19, 2006, Section 1.  Accordingly, Medamerica's Motion to Dismiss Plaintiffs' FCRA claim is granted with leave to amend.

**2.   Fair Credit Billing Act**

Plaintiffs do not oppose either the CRA Defendants' or Medamerica's Motions to Dismiss the Fair Credit Billing Act claim.  Accordingly, that claim is dismissed with prejudice and without leave to amend as to all moving Defendants.

**3.   Fair Debt Collection Practices Act**
   **A.   CRA Defendants**

The CRA Defendants are seeking to have Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claims dismissed, first, on the ground that the statute of limitations for this claim has expired and, second, that the CRA Defendants are not "debt collectors" and, therefore, not subject to the FDCPA.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to protect consumers against debt collection issues."   15 U.S.C. § 1692(e).
///
///

6

1 The FDCPA defines the term "debt collector" as any person who
2 uses an instrumentality of interstate commerce or the mails in
3 any business the principal purpose of which is the collection of
4 any debts, or who regularly collects or attempts to collect,
5 directly or indirectly, debts owed or due or asserted to be owed
6 or due another.  15 U.S.C. § 1692(a).

7  The CRA Defendants collectively assert that they do not fit
8 the foregoing definition because they do not collect debts either
9 directly or indirectly, on their own behalf or on behalf of
10 others.  Accordingly, they conclude, they are not subject to
11 liability under the FDCPA.  The Court agrees.

12  Plaintiffs do not rebut the CRA Defendants' assertion that
13 they are not debt collectors and therefore are not subject to the
14 FDCPA, rather, Plaintiffs limit their reply to arguing that the
15 statute of limitations has not expired because the CRA
16 Defendants' continuing violations of the FDCPA have restarted the
17 limitations period anew.  Even assuming, without conceding, there
18 were continuing violations of the FDCPA, Plaintiffs' argument is
19 nonetheless unavailing as to the CRA Defendants.  Specifically,
20 the CRA Defendants are not subject to the FDCPA because they are
21 not debt collectors as that term is defined under the FDCPA.
22 Consequently, the CRA Defendants' Motion to Dismiss Plaintiffs'
23 FDCPA claim is dismissed without leave to amend.

24

25  **B.   Furnisher of Credit**

26

27  Defendant Medamerica seeks dismissal on the ground that the
28 statute of limitations on this claim is expired.

7

Plaintiffs, as noted above, aver that the continuing violations doctrine applies to claims under the FDCPA and that Defendant Medamerica's pattern of conduct has restarted the limitations period.

The Court elects not to dispose of this claim on the briefs submitted. Rather, the Court directs the Clerk to set a hearing for further oral argument on this issue at a time that is convenient for the Court. The Court Orders that only Plaintiffs' Counsel and Medamerica's counsel need appear. The Court further Orders that no additional briefing will be permitted.

**4.     Preemption of State Law Claims**

**A.     CRA Defendants**

Resolution of this issue begins with a plain reading of the text of the FCRA. Specifically, Section 1681t deals with preemption of state laws and provides as follows:

> "No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under section 611 [§ 1681i], relating to the time by which a consumer reporting agency must take any action, including the provision of notification to a consumer or other person, in any procedure related to the disputed accuracy of information in a consumer's file, *except that this subparagraph shall not apply to any State law in effect on the date of enactment of the Consumer Credit Reporting Reform Act of 1996.* [enacted September 30, 1996]"

15 U.S.C. § 1681t(b)(1)(B). The foregoing clarifies that state laws which impose requirements or prohibitions relating to the procedure of resolving disputed credit entries in effect on September 30, 1996, are not preempted.

8

1    The CRA Defendants contend, however, that Section 1681h(e)
2 is a more specific provision that expressly precludes common law
3 causes of action for defamation, invasion of privacy and
4 negligence.  In fact, Section 1681(h)(e) provides as follows:

> Except as provided in sections 616 and 617 [§§ 1681n and 1681o] of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, *based on information disclosed pursuant to section 609, 610, or 615 [§§ 1681g, 1681h, or 1681m] of this title or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action*, based in whole or in part on the report, except as to false information furnished with malice or willful intent to injure such consumer.

*See Id.* at 1681h(e)(emphasis added).  A fastidious reading of this section reveals that it applies only to causes of action based on information disclosed to consumers [15 U.S.C. § 1681g], the conditions and forms of disclosures to consumers [15 U.S.C. § 1681h] and requirements on users of consumer reports [15 U.S.C. § 1681m].  As was aptly explained in *Whitesides v. Equifax Credit Info. Servs.*, Section 1681h(e) is not actually a preemption provision.  Rather, it is a grant of protection for disclosures mandated under Section 1681g, 1681h and 1681m.  *See Whitesides v. Equifax Credit Info. Servs.*, 125 F. Supp. 2d 807, 811 (D. La. 2000).  The disclosures contemplated by 1681h(e) are not at issue in this case.  Particularly, Plaintiffs do not contend that the CRA Defendants improperly disclosed information to them or improperly used Plaintiffs' credit report.

27 ///
28 ///

1 Rather, Plaintiffs here complain that the CRA Defendants failed
2 to accurately maintain Plaintiffs' credit information as required
3 by Sections 1681e and 1681i.  Consequently, the Court finds that
4 Section 1681(h)(e) does not preempt Plaintiffs' State Claims.

### B.   **Furnishers of Credit**

The Court's October 19, 2006, Order clarified that

> "No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply with respect to section 1785.25(a) of the California Civil Code...."

15 U.S.C. § 1681t(b)(1)(F)(ii).  Pursuant to the foregoing, the Court dismissed all State Claims against Defendant Rickenbacker as a furnisher of credit.  That holding governs the disposition of Medamerica's Motion to Dismiss.

Plaintiffs argue that the Court should reevaluate its position with respect to this holding.  Specifically, Plaintiffs extend the argument made in Section 4.A. against the CRA Defendants to Medamerica.  As discussed repeatedly above, Medamerica is a furnisher of credit rather than a credit reporting agency and, therefore, is exposed to different levels of liability under the FCRA.

Here, Plaintiffs are seeking recovery from Medamerica for failing to correct allegedly false credit entries on their credit report.  The obligation of furnishers of credit to accurately report credit information is contained in Section 1681s-2.
///

1  Plaintiffs' allegation that Medamerica is liable to them for
2  failing to correct inaccurate credit information is an allegation
3  that Medamerica has violated Section 1681s-2(b).  Section
4  1681t(b)(1)(F)(ii) expressly provides that states may not impose
5  any regulations or prohibitions with respect to matter regulated
6  under section 1681s-2.  Plaintiffs' State Claims against
7  Medamerica, as a furnisher of credit, fall within the purview of
8  Section 1681s-2 and are, therefore, preempted by the FCRA.
9  Accordingly, Medamerica's Motion to Dismiss Plaintiffs' State
10 Claims is granted with prejudice and without leave to amend.

12 **5.   Plaintiffs' Counsel**

13     On October 19, 2006, this Court issued an Order dismissing
14 Defendant Rickenbacker from this litigation as follows:
15 Plaintiffs' FCRA and Fair Credit Billing Act claims were
16 dismissed with leave to amend, however, Plaintiffs' Fair Debt
17 Collection Practices Act claim and State Claims were dismissed
18 with prejudice.  Despite this Court's Order dismissing
19 Plaintiffs' State Claims against Defendant Rickenbacker as
20 preempted under the FCRA, on October 27, 2006, Plaintiffs'
21 counsel, Mr. Nathan Potratz, willfully disregarded this Court's
22 Order by refiling a number of those same State Claims against
23 Defendant Rickenbacker in the California Superior Court.
24     In addition, Mr. Potratz filed a document with this Court
25 entitled "Supplemental Opposition and Response to Defendants'
26 Motion to Dismiss."
27 ///
28 ///

11

1  This document, while couched as an opposition, was in fact a
2  Motion for Reconsideration filed in violation of Local Rule 78-
3  230.
4      Further, Mr. Potratz twice requested continuances of this
5  matter due to calender conflicts.  The Court granted Mr. Potratz'
6  first motion and continued this matter to April 3, 2006.  The
7  Court, however, denied Mr. Potratz second request to continue the
8  hearing and ordered that Mr. Potratz personally appear for oral
9  argument.  *See* Mem. & Order, March 31, 2006.  Plaintiffs' counsel
10 inquired of the Court whether his Motion for Continuance of the
11 April 3, 2006, hearing had been granted.  When the Court replied
12 that it had been denied and that he was to personally appear,
13 Plaintiffs' Counsel advanced the following email reply:
14 "Obviously, I cannot be at 2 places at once so I think the denial
15 of the motion to continue is unreasonable.  The matter then will
16 have to be submitted on the briefs without oral argument."
17     Aware of Mr. Potratz' email indicating his refusal to
18 appear, the Court delayed calling the April 3, 2006, hearing to
19 order until 9:10 a.m.  Despite Mr. Potratz' absence, the Court
20 proceeded with the hearing and concluded oral argument on this
21 matter at 9:18 a.m.  Mr. Potratz then arrived in court after the
22 Parties who did appear for the hearing were dismissed.  As a
23 result of Mr. Potratz' failure to personally attend the hearing
24 as ordered, the Court issued sanctions in the amount of $500
25 payable within ten (10) days.  The Court further ordered that Mr.
26 Potratz submit a declaration that the funds used to pay his
27 sanction were not drawn from client funds.
28 ///

12

The court reaffirms its order of sanctions against Mr. Potratz for his failure to timely appear at the hearing as ordered. Mr. Potratz is warned that blatantly disregarding this Court's orders and/or making unilateral decisions such as when his appearance is required and/or deciding when matters will be submitted on the briefs without oral argument may subject him to further sanctions.

## CONCLUSION

The CRA Defendants' Motion to Dismiss Plaintiffs' 1) FCRA claim is granted with leave to amend; 2) FCBA claim is granted withoutleave to amend; 3) FDCPA claim is dismissed without leave to amend; 4) State Claims is denied. Medamerica's Motion to Dismiss Plaintiffs' 1) FCRA claim is granted with leave to amend; 2) FCBA is granted without leave to amend; 3) State Claims is granted without leave to amend. Medamerica's Motion to Dismiss Plaintiffs' FDCPA claim shall be set for additional oral argument at a time that is convenient for the Court.

IT IS SO ORDERED.

DATED: April 4, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE