05

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL ROYBAL; VIDA ROYBAL,

        Plaintiffs,

   v.

EQUIFAX, TRANSUNION, EXPERIAN, RICKENBACKER, MEDAMERICA, CITY TOWING BODY SHOP, INC., SEARS, and DOES 1 through 50,

        Defendants.

2:05-cv-1207-MCE-KLM

MEMORANDUM AND ORDER

----oo0oo----

In bringing the present motion, Daniel and Vida Roybal ("Plaintiffs") seek to voluntarily dismiss their federal claims pursuant to Fed. R. Civ. P. 41(a)(2) in favor of pursuing those claims in a state forum. Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") (collectively "Defendants") oppose Plaintiffs' Motion on the ground that Plaintiffs' Motion is disingenuous and is a blatant attempt to forum shop. For the reasons set forth below, Plaintiffs' Motion to Dismiss their federal claims is denied.

1

**BACKGROUND**

The Court has previously set forth a detailed factual background for this action in its Order of October 19, 2005, which is incorporated by reference and need not be reproduced herein.  Mem. & Order 2-3, October 19, 2005.

**STANDARD**

A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.  *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982).

Federal Rule of Civil Procedure 41(a)(2) provides:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The Ninth Circuit has clarified that legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument."  *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001)(quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)).

1  In so holding, the Court further explained that "uncertainty
2  because a dispute remains unresolved" or because "the threat of
3  future litigation . . . causes uncertainty" does not result in
4  plain legal prejudice.  *Id.* at 976.  Also, plain legal prejudice
5  does not result merely because the defendant will be
6  inconvenienced by having to defend in another forum or where a
7  plaintiff would gain a tactical advantage by that dismissal.
8  *Hamilton,* 679 F.2d at 145.

## ANALYSIS

Defendants' chief argument is that Plaintiffs are forum shopping as evidenced by the procedural history in this case. Specifically, Plaintiffs first filed their action on May 10, 2005, in the California superior court.  Defendants timely removed that action to this forum on June 15, 2005, based on federal question jurisdiction.  After several of the Defendants had answered Plaintiffs' Complaint, Defendant Rickenbacker filed a Motion to Dismiss.  This Court granted Defendant Rickenbacker's Motion on October 20, 2005.  On October 27, 2005, Plaintiffs filed a second action in the superior court alleging almost identical claims to those existing in the action currently before this Court.  Plaintiffs then filed the present Motion to Dismiss their federal claims voluntarily.

Legal prejudice is defined as "prejudice to some legal interest, some legal claim, some legal argument."  *Westlands Water District*, 100 F.3d at 96.

///

1  In determining what will amount to legal prejudice, courts have
2  examined whether a dismissal without prejudice would result in
3  the loss of a federal forum, or the right to a jury trial, or a
4  statute-of-limitations defense.  *See id*.
5      The Court finds that granting Plaintiff's Motion to Dismiss
6  will result in legal prejudice to Defendants.  Dismissing
7  Plaintiffs' federal action will deprive Defendants of the federal
8  forum they have elected.  Defendants removed the original action
9  to this forum yet Plaintiffs chose not to dismiss as of right
10 pursuant to Rule 41(a)(1) nor did Plaintiffs move this Court to
11 remand the action.  Instead, Plaintiffs chose to refile claims
12 that had previously been dismissed by this Court and then seek a
13 voluntary dismissal.  Defendants have elected to litigate
14 Plaintiffs' claims in this forum, the Court has jurisdiction and
15 the case is well underway.  Because legal prejudice to Defendants
16 will otherwise result, the Court denies Plaintiffs' Motion to
17 Dismiss its claims.

**CONCLUSION**

19    For the reasons set forth above, Plaintiffs' Motion to
20 Dismiss is DENIED.
21    IT IS SO ORDERED.
22 DATED: April 14, 2006

                                    _____
                                    MORRISON C. ENGLAND, JR
                                    UNITED STATES DISTRICT JUDGE

4