1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  DANIEL ROYBAL and VIDA ROYBAL,
                                        2:05-cv-1207-MCE-KLM
12            Plaintiffs,

13       v.                             MEMORANDUM AND ORDER

14  EQUIFAX, TRANSUNION, EXPERIAN,
    RICKENBACKER, MEDAMERICA, CITY
15  TOWING BODY SHOP, INC., SEARS,
    and DOES 1 through 50,
16
              Defendants.
17

18
                        ----oo0oo----
19

20

21       Plaintiffs Daniel and Vida Roybal ("Plaintiffs") allege that

22  Equifax, Transunion, Experian, Rickenbacker, Medamerica, City

23  Towing Body Shop, Inc. and Sears violated various federal and

24  state consumer protection laws including the Fair Credit

25  Reporting Act ("FCRA"), the Fair Credit Billing Act ("FCBA") and

26  the Fair Debt Collection Practices Act ("FDCPA") by furnishing

27  and reporting erroneous credit information on Plaintiffs' credit

28  report.

                                1

1    Defendant furnisher of credit Medamerica, Inc.

2 ("Medamerica") moved to dismiss Plaintiffs' claims pursuant to

3 Federal Rule of Civil Procedure 12(b)(6), or in the alternative

4 Rule 12(c), on the ground that Plaintiffs have failed to state a

5 claim upon which relief can be granted.  The Court dismissed

6 Plaintiffs' FCRA claim with leave to amend and dismissed their

7 FCBA claim and state claims without leave to amend.  The Court

8 reserved its judgment regarding Plaintiffs' FDCPA and called for

9 additional oral argument.  Having heard the Parties' respective

10 positions, the Court grants Medamerica's Motion to Dismiss

11 Plaintiffs' FDCPA claim without leave to amend.

12

13                          **BACKGROUND**

14

15    The Court has previously set forth a detailed factual

16 background for this action in its Order of October 19, 2005,

17 which is incorporated by reference and need not be reproduced

18 herein.  Mem. & Order 2-3, October 19, 2005.

19

20                          **STANDARD**

21

22    On a motion to dismiss for failure to state a claim under

23 Rule 12(b)(6), all allegations of material fact must be accepted

24 as true and construed in the light most favorable to the

25 nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,

26 337-38 (9th Cir. 1996).

27 ///

28 ///

2

A complaint will not be dismissed for failure to state a claim "'unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his or] her claim that would entitle [him or] her to relief.'"  *Yamaguchi v. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The Court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to protect consumers against debt collection issues."  15 U.S.C. § 1692(e).  Under the FDCPA, a claim must be brought within one year of the violation.  15 U.S.C. § 1692k(d).  Plaintiffs claim Medamerica violated the FDCPA by furnishing inaccurate information to the credit reporting agencies in 1997 and 2001.  Plf.'s Compl., ¶ 11.

1   Assuming the alleged violations occurred at the time the
2   information first appeared on Plaintiffs' credit report,
3   Plaintiffs' action would have accrued at the earliest in 1997 and
4   at the latest in 2001.  Consequently, the one year statute of
5   limitations to bring an action for violation of the FDCPA would
6   have run no later than the end of 2002.  The present action was
7   commenced on May 10, 2005, well beyond the applicable one year
8   statute of limitations.  As a defense to the statutory bar of
9   this claim, Plaintiffs aver that the continuing violations
10  doctrine applies to claims under the FDCPA and that Medamerica's
11  pattern of conduct has restarted the limitations period.
12  Conversely, Medamerica claims the continuing violations doctrine
13  does not apply to FDCPA claims.  The Court adopts neither
14  position.

15      While the Ninth Circuit has not squarely spoken to the
16  propriety of applying a continuing violation theory to FDCPA
17  claims, various district courts have addressed the issue.
18  Generally, those courts have held that only when the complained
19  of conduct constitutes a continuing pattern can the continuing
20  violations doctrine apply.  *See Joseph v. J.J. Mac Intyre Cos.,*
21  *L.L.C.*, 281 F.Supp.2d 1156 (N.D.Ca. 2003)(noting the doctrine
22  applicable only when the conduct complained of constitutes a
23  continuing pattern and course of conduct as opposed to unrelated
24  discrete acts); *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393,
25  395 (D.N.Y. 1999)(noting possibility of continuing violation
26  theory where defendants sent a series of threatening letters,
27  each of which violated the FDCPA and only some of which were
28  time-barred); *Calka v. Kucker, Kraus & Bruh, LLP*, 1998 U.S. Dist.

1  LEXIS 11868 (D.N.Y. 1998)(rejecting continuing violation theory
2  based on actions undertaken in prosecution of lawsuit).
3  The Court concurs with the judgment of the foregoing courts that
4  the key to assessing whether the continuing violations doctrine
5  saves Plaintiffs' FDCPA claim is whether Medamerica persisted in
6  a course of conduct violative of the FDCPA.

7      The Court finds that the facts of the instant case do not
8  support application of the continuing violation doctrine to toll
9  the FDCPA one-year bar.  Unlike the pervasive pattern of 200
10 harassing phone calls over a long period of time in *Joseph*,
11 Plaintiffs only allegation of wrongdoing on the part of
12 Medamerica are adverse reports in 1997 and 2001.  These singular
13 acts certainly do not constitute a "continuing course of conduct"
14 for purposes of the continuing violations doctrine.  In addition,
15 to the extent Plaintiffs are alleging that the republishing of
16 their credit report containing the adverse entries constitutes a
17 continuing violation on the part of Medamerica, that argument is
18 without merit.  A furnisher of credit does not engage in a
19 pattern of conduct violative of the FDCPA merely by submitting an
20 adverse entry that is then republished in the report itself.
21 Such a result would effectively nullify the one year statutory
22 bar Congress elected to include in the FDCPA.  Accordingly,
23 Medamerica's Motion to Dismiss Plaintiffs' FDCPA claim is granted
24 without leave to amend.
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

   For the reasons set forth above, Medamerica's Motion to Dismiss Plaintiffs' FDCPA claim is granted without leave to amend.

IT IS SO ORDERED.

DATED: May 18, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE