1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  DANIEL ROYBAL; VIDA ROYBAL,
                                        2:05-CV-1207-MCE-KJM
12            Plaintiffs,

13       v.                             MEMORANDUM AND ORDER

14  EQUIFAX; TRANS UNION;
    EXPERIAN; RICKENBACKER;
15  MEDAMERICA; CITY TOWING BODY
    SHOP, INC.; SEARS; and DOES 1
16  through 50,

17            Defendants.

18                          ----oo0oo----

19

20

21       Through the present action, Plaintiffs Daniel and Vida

22  Roybal ("Plaintiffs") allege that Equifax, Transunion, Experian,

23  Rickenbacker, Medamerica, City Towing Body Shop, Inc. and Sears

24  violated both state and federal consumer protection laws by

25  furnishing and reporting erroneous credit information on

26  Plaintiffs' credit report.  A number of the foregoing claims have

27  been adjudicated by this Court through earlier proceedings.

28  ///

                                  1

1  Specifically, with respect to Defendant furnisher of credit

2  Medamerica, Inc. ("Medamerica"), the Court has dismissed all

3  claims against it save Plaintiffs' eighth cause of action for the

4  alleged violation of the Fair Credit Reporting Act ("FCRA").

5  Medamerica now moves to dismiss that remaining claim as well as a

6  Fair Debt Collection Practices Act ("FDCPA") claim Plaintiffs

7  have reasserted in their First Amended Complaint.  Medamerica

8  asserts that Plaintiffs have failed to state a claim upon which

9  relief can be granted.[1]  For the reasons set forth below,

10  Medamerica's Motion to Dismiss is granted.

11

12                          **BACKGROUND**

13

14     The Court has previously set forth a factual background for

15  this action in its Order of October 19, 2005, which is

16  incorporated by reference and need not be reproduced herein.

17  Mem. & Order 2-3, October 19, 2005.

18

19                           **STANDARD**

20

21     On a motion to dismiss for failure to state a claim under

22  Rule 12(b)(6), all allegations of material fact must be accepted

23  as true and construed in the light most favorable to the

24  nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,

25  337-38 (9th Cir. 1996).

26

27     [1]Because oral argument will not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 78-230(h).

1 A complaint will not be dismissed for failure to state a claim

2 "'unless it appears beyond doubt that plaintiff can prove no set

3 of facts in support of [his or] her claim that would entitle [him

4 or] her to relief.'"  *Yamaguchi v. Dep't of the Air Force*, 109

5 F.3d 1475, 1480 (9th Cir. 1997) (quoting *Lewis v. Tel. Employees*

6 *Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).

7     If the court grants a motion to dismiss a complaint, it must

8 then decide whether to grant leave to amend.  The court should

9 "freely give[]" leave to amend when there is no "undue delay, bad

10 faith[,] dilatory motive on the part of the movant, . . . undue

11 prejudice to the opposing party by virtue of . . . the amendment,

12 [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a);

13 *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to

14 amend is only denied when it is clear that the deficiencies of

15 the complaint cannot be cured by amendment.  *DeSoto v. Yellow*

16 *Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

17

18                              **ANALYSIS**

19

20 **1.    Fair Credit Reporting Act**

21

22     As this Court explained in its October 19, 2005, and April

23 4, 2006, Orders, under the FCRA a disputatious consumer may only

24 bring a private right of action against a furnisher of credit if

25 he notifies the credit reporting agency ("CRA") in the first

26 instance who, in turn, must notify the furnisher of credit.  It

27 is only then that an FCRA cause of action arises against the

28 furnisher of credit.  *See* Mem. & Order, October 19, 2005.

1    The Court has twice dismissed Plaintiffs' FCRA claims

2 against the Defendant furnishers of credit.  In both instances,

3 the Court granted Plaintiffs leave to amend their Complaint so as

4 to properly plead facts sufficient to support their FCRA claim.

5 Plaintiffs elected to forego their opportunity to amend to cure

6 this defect as against Defendant Rickenbacker.[2]  Plaintiffs,

7 however, did file an Amended Complaint as against Medamerica.

8 *See* Pl.s First Amended Compl., April 24, 2006.  The amendment

9 does nothing to cure the foregoing defect.  Specifically,

10 Plaintiffs First Amended Complaint does not aver that Medamerica

11 was notified of the allegedly erroneous credit entries by the

12 CRAs triggering a private right of action under the FCRA.

13 Accordingly, no FCRA claim can be stated as against them.

14    In this instance, leave to amend should be granted because

15 the deficiencies of the Complaint can be cured.  The Court

16 cautions, however, that should Plaintiffs again fail to properly

17 allege an FCRA claim against Medamerica, the Court will consider

18 further leave to amend futile.  Accordingly, Medamerica's Motion

19 to Dismiss Plaintiffs' FCRA claim is granted with leave to amend.

20

21 **2.    Fair Debt Collection Practices Act**

22

23    Plaintiffs' FDCPA claim against Medamerica was dismissed

24 without leave to amend as barred by the statute of limitations.

25 *See* Mem. & Order, May 18, 2006.

26 _____

27 [2]In Plaintiffs' First Amended Complaint, they request leave
to reassert their FCRA claim against Defendant Rickenbacker,
leave to amend having expired long ago.  Plaintiffs' bald request
28 is groundless and hereby denied.

1  To the extent Plaintiffs attempt to revive this claim in their

2  First Amended Complaint, the Court reaffirms its earlier ruling

3  dismissing this claim as time barred.

4

5                              **CONCLUSION**

6

7      For the reasons set forth above, Medamerica's Motion to

8  Dismiss Plaintiffs' FCRA claim is granted with leave to amend.

9  In addition, the Court reaffirms its earlier dismissal of

10 Plaintiffs' FDCPA claim as time barred.

11      IT IS SO ORDERED.

12 DATED: August 14, 2006

13

14

15 _____

16      MORRISON C. ENGLAND, JR
        UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28