1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROYBAL, VIDA ROYBAL, | Case No. 2:05-CV-1207-MCE-KJM |
| Plaintiffs, | |
| v. | **STIPULATION AND PROTECTIVE ORDER** |
| EQUIFAX INFORMATION SERVICES; TRANS UNION; EXPERIAN INFORMATION SOLUTIONS; RICKENBACKER GROUP, INC.; MEDAMERICA; PICK YOUR PART AUTO WRECKING; CITY TOWING, INC.; DOES 1 through 50, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiffs Daniel Roybal and Vida Roybal ("Plaintiffs") and Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax") and Trans Union LLC ("Trans Union") through their respective attorneys of record, as follows:

///

///

1   WHEREAS, documents and information have been and may be sought, produced or
2   exhibited by and among the parties to this action relating to trade secrets, confidential research,
3   development, technology or other proprietary information belonging to the defendant(s) and/or
4   personal income, credit and other confidential information of Plaintiff(s).

5   THEREFORE, an Order of this Court protecting such confidential information shall be
6   and hereby is made by this Court on the following terms:

7   1.   This Order shall govern the use, handling and disclosure of all documents, testimony or
8   information produced or given in this action which are designated to be subject to this Order in
9   accordance with the terms hereof.

10  2.   Any party or non-party producing or filing documents or other materials in this action
11  may designate such materials and the information contained therein subject to this Order by
12  typing or stamping on the front of the document, or on the portion(s) of the document for which
13  confidential treatment is designated, "Confidential."

14  3.   To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be
15  filed with the Court incorporate documents or information subject to this Order, the party filing
16  such papers shall designate such materials, or portions thereof, as "Confidential," and shall file
17  them with the clerk under seal; provided, however, that a copy of such filing having the
18  confidential information deleted therefrom may be made part of the public record.

19  4.   All documents, transcripts, or other materials subject to this Order, and all information
20  derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that
21  refers, reflects or otherwise discusses any information designated Confidential hereunder), shall
22  not be used, directly or indirectly, by any person for any business, commercial or competitive
23  purposes or for any purpose whatsoever other than solely for the preparation and trial of this
24  action in accordance with the provisions of this Order.

25
26

1  5.  Except with the prior written consent of the individual or entity asserting confidential
2  treatment, or pursuant to prior Order after notice, any document, transcript or pleading given
3  confidential treatment under this Order, and any information contained in, or derived from any
4  such materials (including but not limited to, all deposition testimony that refers, reflects or
5  otherwise discusses any information designated confidential hereunder) may not be disclosed
6  other than in accordance with this Order and my not be disclosed to any person other than: (a) the
7  Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained
8  counsel or in-house counsel and employees of counsel assigned to assist such counsel in the
9  preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of
10 the parties that such witnesses need to know such information; and (e) present or former
11 employees of the producing party in connection with their depositions in this action (provided
12 that no former employees shall be shown documents prepared after the date of his or her
13 departure).
14 6.  All persons receiving any or all documents produced pursuant to this Order shall be
15 advised of their confidential nature.  All persons to whom confidential information and/or
16 documents are disclosed are hereby enjoined from disclosing same to any other person except as
17 provided herein, and are further enjoined from using same except in the preparation for and trial
18 of the above-captioned action between the named parties thereto.  No person receiving or
19 reviewing such confidential documents, information or transcript shall disseminate or disclose
20 them to any person other than those described above in Paragraph 5 and for the purposes
21 specified, and in no event shall such person make any other use of such document or transcript.
22 7.  Nothing in this Order shall prevent a party from using at trial any information or materials
23 designated "Confidential."
24 ///
25 ////
26

8. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same without any further order of this court. Notwithstanding the foregoing, this Protective Order shall automatically terminate three (3) years from the date this Order is signed.

10. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as "Confidential" subject to the provisions of this Protective Order.

///
///
///
///
///
///
///

1  11. Nothing herein shall affect or restrict the rights of any party with respect to its own
2  documents or to the information obtained or developed independently of documents, transcripts
3  and materials afforded confidential treatment pursuant to this Order.
4     AGREED and STIPULATED to by the parties:

| | |
|---|---|
| /s/ Nathaniel Potratz | /s/ Donald Bradley |
| **Nathaniel Potratz** | **Donald Bradley** |
| Law Offices of Nathaniel Potratz | Musick, Peeler & Garrett LLP |
| 4790 Dewey Drive, Suite A | 650 Town Center Drive, Suite 1200 |
| Fair Oaks, CA 95628 | Costa Mesa, CA 92626 |
| Counsel for Plaintiffs | Counsel for Trans Union LLC |
| /s/ Brian J. Recor | /s/ Thomas P. Quinn, Jr. |
| **Brian J. Recor** | **Thomas P. Quinn, Jr.** |
| Jones Day | Nokes & Quinn |
| 3 Park Plaza, Suite 1100 | 450 Ocean Avenue |
| Irvine, CA 92614 | Laguna Beach, CA 92651 |
| Counsel for Experian Info. Solutions, Inc. | Counsel for Equifax Info. Services LLC |

DATED: JANUARY 16, 2007

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE