1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  DANIEL ROYBAL; VIDA ROYBAL,
                              No. 2:05-CV-1207-MCE-KJM
12          Plaintiffs,

13      v.                     MEMORANDUM AND ORDER

14  EQUIFAX; TRANS UNION;
    EXPERIAN; RICKENBACKER;
15  MEDAMERICA; CITY TOWING BODY
    SHOP, INC.; SEARS; and DOES 1
16  through 50,

17          Defendants.

18                      ----oo0oo----

19      Through the present action, Plaintiffs Daniel and Vida

20  Roybal ("Plaintiffs") allege that Equifax, Transunion, Experian,

21  Rickenbacker, Medamerica, City Towing Body Shop, Inc. and Sears

22  violated both state and federal consumer protection laws by

23  furnishing and reporting erroneous credit information on

24  Plaintiffs' credit report.  A number of the foregoing claims have

25  been adjudicated by this Court through earlier proceedings.

26  Specifically, with respect to Defendant Rickenbacker Group, Inc.

27  ("Rickenbacker"), the Court previously dismissed all claims

28  brought against it in Plaintiffs' original complaint.

                              1

Plaintiffs then filed their Amended Complaint asserting breach of oral contract against Rickenbacker.  Rickenbacker now moves to dismiss that claim.[1]  For the reasons set forth below, Rickenbacker's Motion to Dismiss is DENIED.

## BACKGROUND

The Court has previously set forth a factual background for this action in its Order of October 19, 2005, which is incorporated by reference and need not be reproduced herein. Mem. & Order 2-3, October 19, 2005.

The pertinent procedural history is as follows: Plaintiffs instituted this action in June of 2005.  The original complaint asserted claims against Rickenbacker under the Fair Credit Reporting Act ("FCRA"), the Fair Credit Billing Act ("FCBA"), the Fair Debt Collection Practices Act ("FDCPA"), and California state law.  In October of 2005, this Court dismissed Plaintiffs' claims against Rickenbacker.  The Order granted leave to amend as to the FCRA and FCBA claims, but not as to the FDCPA claims or the state law claims.  The Order allowed Plaintiffs twenty (20) days to file an amended complaint.  Mem. & Order 10, October 19, 2005.

On April 24, 2006, Plaintiffs filed their Amended Complaint. The only claim asserted against Rickenbacker is a claim for breach of oral contract.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

2

Plaintiffs allege Rickenbacker promised to remove false credit entries from their credit report and that Rickenbacker breached an oral promise with Plaintiffs when it failed to remove those entries.

In January of 2008, Rickenbacker filed this motion to dismiss the breach of oral contract claim asserted in Plaintiffs' Amended Complaint.  Rickenbacker argues that the breach of oral contract claim should be dismissed because: (a) Rickenbacker was not served with the Amended Complaint; (b) the Amended Complaint was filed outside the 20-day window provided in this Court's October 19, 2005 Order; and (c) the Amended Complaint is defective because Plaintiffs needed to seek leave to amend prior to filing the Amended Complaint.

Plaintiffs oppose the motion to dismiss and cross-move for entry of a default judgment against Rickenbacker based on its failure to respond to the Amended Complaint.

**ANALYSIS**

**A.    Service of Process**

Rickenbacker argues it should be dismissed from this action because it was not served with the Amended Complaint within 120 days of filing, as required by Federal Rule of Civil Procedure 4(m).  In response, Plaintiffs argue that their attorney made many attempts to contact Rickenbacker's counsel.  Rickenbacker denies Plaintiffs' counsel made any such attempts.  Whether or not the parties were in contact is irrelevant because Rickenbacker was served electronically.

3

1    This Court utilizes a Case Management/Electronic Case Files

2 system ("CM/ECF").  The Local Rules for the Eastern District

3 provide for electronic service of process through the CM/ECF

4 system.  L.R. 1-101, 5-133, 5-135(a).  CM/ECF automatically

5 generates a Notice of Electronic Filing ("NEF") when a document is

6 filed electronically.  The NEF constitutes automatic service.

7 L.R. 5-135(a).  The NEF that corresponds with Plaintiffs' filing

8 of the Amended Complaint shows that the Amended Complaint was e-

9 mailed to Rickenbacker's counsel.  Accordingly, Rickenbacker was

10 properly served with the Amended Complaint.

11    Rickenbacker also argues that service on its attorney was

12 insufficient because Rickenbacker was no longer a party to the

13 action.  The Court rejects this argument for two reasons.  First,

14 as discussed in greater detail below, the claims against

15 Rickenbacker were dismissed with leave to amend and Rickenbacker

16 did not, at any time, seek affirmative relief permanently

17 dismissing it from the action.  Second, Rickenbacker filed an

18 association of attorney in September 2006 and a substitution of

19 attorney in October 2006, both several months after Plaintiffs

20 filed the Amended Complaint.  These filings belie Rickenbacker's

21 assertion that it believed it was no longer a party to the action.

22

23    **B.   Failure to Comply with Court's Order**

24

25    Rickenbacker argues the Court should dismiss Plaintiffs'

26 breach of oral contract claim because Plaintiffs failed to file

27 their Amended Complaint within 20 days of the October 19, 2005

28 Order.

1   Rickenbacker asserts that this warrants a failure to comply with
2   a court order sufficient to dismiss the case under Rule 41(b).
3   The decision to dismiss a complaint for failure to comply with a
4   court order is left to the discretion of the district court.
5   *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989-990 (9th Cir. 1999).
6   A court must evaluate the following factors when considering
7   dismissal under Rule 41(b): "'(1) the public's interest in
8   expeditious resolution of litigation; (2) the court's need to
9   manage its docket; (3) the risk of prejudice to the defendants;
10  (4) the public policy favoring disposition of cases on their
11  merits; and (5) the availability of less drastic alternatives.'"
12  *Id*. at 990 (citing *Hernandez v. City of El Monte*, 138 F.3d 393,
13  399 (9th Cir. 1998)).  Two facts are central to this Court's
14  analysis: first, Rickenbacker was, in fact, served with the
15  Amended Complaint - despite its assertions to the contrary - and
16  second, Rickenbacker could, and should, have taken some action
17  following the expiration of the deadline in the October 19, 2005
18  Order[2] and not waited more than two years later.

19      As to the above factors, the Court finds as follows:
20  ///
21  ///
22  ///
23  ///
24

25      [2] For example, in November 2005, Rickenbacker could have
26  brought an order to show cause why Plaintiffs had not filed an
    amended complaint, or Rickenbacker could have moved to dismiss
    with prejudice for failure to file the amended complaint within
27  the time period provided by the Court, among other alternatives.
    Instead, Rickenbacker ignored the Amended Complaint and sat on
28  its rights for more than two years.

5

1      1.   *Interest in Expeditious Resolution of Litigation*

2      The Court finds this factor warrants against dismissal.  It

3  is true that Plaintiffs delayed the litigation several months by

4  filing their Amended Complaint after the deadline set in the

5  October 19, 2005 Order.  However, Rickenbacker - who the Court

6  finds was properly served - waited almost two years to file any

7  response to the Amended Complaint.  Thus, the resulting delay is

8  primarily the fault of Rickenbacker and does not warrant

9  dismissal.

10     2.   *Management of Court's Docket*

11     Dismissal does not serve the Court's interest in managing

12 its own docket.  As discussed above, Rickenbacker could have

13 taken some action in November 2005 when the Court's deadline

14 expired, but instead waited until January 2008 - more than two

15 years - to seek dismissal with prejudice.  This hardly enables

16 the Court to manage the delay in its docket.

17     3.   *Prejudice to Defendants*

18     Rickenbacker asserts that it will suffer great prejudice if

19 this Court does not dismiss the claim for breach of oral contract

20 because of the looming discovery cut-off and other deadlines.

21 However, because the Court finds that Rickenbacker was properly

22 served with the Amended Complaint, the Court also finds that

23 Rickenbacker brought this prejudice upon itself.  Therefore, this

24 is not an adequate ground upon which to dismiss the claim.

25     4.   *Public Policy Favoring Disposition on the Merits*

26     Public policy generally favors rendering a decision on the

27 merits.  That is especially the case in a consumer credit action

28 such as this one.

6

5.   *Less Drastic Alternatives*

As discussed above, Rickenbacker had many opportunities to take some action in this case but instead slept on its rights.  A delay of more than two-years by Rickenbacker does not warrant dismissal at this point.  The Court will not punish Plaintiffs for Rickenbacker's counsel's failure to read and/or respond to her e-mail.

Put simply, none of the relevant factors weigh in favor of dismissal.

**C.   Failure to Seek Leave to Amend**

Rickenbacker also argues that Plaintiffs' Amended Complaint should be denied because Plaintiffs failed to seek leave to amend from this Court.  The Court finds that Rickenbacker has waited too long to assert this argument.

**D.   Default Judgment**

In response, Plaintiffs move for Default Judgment against Rickenbacker based on its failure to answer the Amended Complaint.  However, due to the preference for resolving cases on the merits, and for the purposes of judicial economy, the request for default is DENIED.  Rickenbacker shall answer the Amended Complaint within ten (10) calendar days of the date of this Order.  Should Rickenbacker fail to timely answer, the Court will enter Rickenbacker's default and will render a default judgment *sua sponte*.

**CONCLUSION**

For the reasons set forth above, Rickenbacker's Motion to Dismiss Plaintiffs' claim for breach of oral contract is DENIED. In addition, Plaintiffs' Cross-motion for Entry of Default and/or Default Judgment is also DENIED.  Rickenbacker is directed to answer Plaintiffs' Amended Complaint within ten (10) days of the date of this Order.


IT IS SO ORDERED.

Dated: March 3, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE