UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL ROYBAL and VIDA, ROYBAL

       Plaintiffs,

  v.

TRANS UNION, EXPERIAN INFORMATION SOLUTIONS, EQUIFAX INFORMATIONAL SERVICES, RICKENBACKER GROUP, INC. MEDAMERICA, and CITY TOWING, INC.,

       Defendants.

No. 2:05-cv-01207-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

Presently before the Court is Plaintiffs' Motion for Reconsideration of the Court's imposition of terminating sanctions on Plaintiffs for their failure to prosecute.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

On August 13, 2007, the Court issued a Pretrial Scheduling Order ("Scheduling Order") setting the Final Pretrial Conference ("Pretrial Conference") for October 10, 2008. In that Order, the Court specifically directed the parties to file a Joint Pretrial Conference Statement ("Joint Statement") no later than September 26, 2008. Additionally, the Court ordered that witness lists and exhibit lists were to be submitted the same day. The Court also mandated that attorneys for each party were to be present and ready to proceed at that Pretrial Conference. Finally, the Scheduling Order warned the parties that failure to cooperate in the preparation of the Joint Statement or to participate in good faith at the Pretrial Conference could result in any sanctions the Court deemed appropriate.

Plaintiffs' attorney filed a motion to withdraw as counsel on June 6, 2008, which this Court granted on August 7, 2008. In its Order the Court directed Plaintiffs to notify the Court no later than September 8, 2008, of their intention to secure counsel or to proceed *pro se*. On September 8, Plaintiffs filed a request for more time to seek new representation, which this Court granted via minute order on September 9, 2008. In that minute order, the Court gave Plaintiffs until September 25, 2008, to inform the Court of their election. The Court went on to state, "If the response is not received by the Court on or before 9/25/2008 at 4:00 p.m., an Order To Show Cause why sanctions (including terminating sanctions) should not be imposed will issue without further notice from the Court."

2

On September 25, 2008, the Plaintiffs filed a notice with the Court stating that they would proceed *pro se*.

At that time, Plaintiffs also requested an extension of two weeks to file their Joint Statement, witness lists, and exhibit lists. Despite the fact that those documents were due the following day, Plaintiffs had not met and conferred with Defendants regarding the joint submission of documents, nor did Plaintiffs subsequently file individual submissions.

On the morning of October 10, 2008, at approximately 7:30 a.m., Plaintiffs left a voice mail for the Court indicating that for personal reasons, specifically to attend work and to care for a child with pinkeye, they would not be attending the Pretrial Conference, which was scheduled to begin at 9:00 a.m. that morning. Plaintiffs sent emails to counsel for the Defendants stating the same.

Thus, at the Pretrial Conference, Defendants moved for terminating sanctions, which the Court granted based on Plaintiffs' failure to diligently prosecute this case. Specifically, the Court found that Plaintiffs failed to file the required pretrial documents, failed to appear at the Pretrial Conference, and engaged in a pattern of dilatory behavior over the course of this litigation.[2] Presently before the Court is Plaintiffs' Motion challenging its decision.

---

[2] The record supports the Court's characterization of Plaintiff's prosecution as dilatory. For example, Plaintiffs, *inter alia*, failed to appear at a hearing which failure resulted in sanctions, failed to produce documents or counsel for deposition, failed to timely respond to Requests for Admissions and then failed to attend properly noticed depositions or to meet and confer regarding alternative available deposition dates.

**STANDARD**

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Nonetheless, under certain limited circumstances, the court has discretion to reconsider its prior decisions.

A motion for reconsideration is treated as a Rule 59(e) motion if filed within ten days of entry of judgment, but as a Rule 60(b) motion if filed more than ten days after judgment. See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). Since this motion is seeking reconsideration of a final judgement and was filed more than ten days after the entry of judgement, the Court will treat it as a Rule 60(b) motion. "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004).

Rule 60(b) enumerates the grounds upon which a motion for relief from an order or judgment may be made. It specifies that:
///
///
///

4

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. Proc. 60(b). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 60(b).

## ANALYSIS

This Court had the power to dismiss Plaintiffs' case with prejudice for a failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). "It is true, of course, that 'the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked.' But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." Id. at 632.

///

1    Moreover, "the availability of a corrective remedy such as
2 is provided by Federal Rule of Civil Procedure 60(b) - which
3 authorizes the reopening of cases in which final orders have been
4 inadvisedly entered - renders that lack of prior notice of less
5 consequence." Id.
6    "Accordingly, when circumstances make such action
7 appropriate, a District Court may dismiss a complaint for failure
8 to prosecute even without affording notice of its intention to do
9 so or providing an adversary hearing before acting.  Whether such
10 an order can stand on appeal depends not on power but on whether
11 it was within the permissible range of the court's discretion."
12 Id. at 633.
13     In Link, the Supreme Court was "unable to say that the
14 District Court's dismissal...for failure to prosecute, as
15 evidenced only partly by the failure of petitioner's counsel to
16 appear at a duly scheduled pretrial conference, amounted to an
17 abuse of discretion."  Id.  There, the day before a pretrial
18 conference, which had been scheduled just two weeks prior,
19 plaintiff's counsel notified defendant's counsel that he would be
20 unable to attend because "he was doing some work on some papers."
21 Id. at 627.  The next morning, plaintiff's counsel telephoned the
22 judge and left a message stating "'that he (counsel) was busy
23 preparing papers to file with the (Indiana) Supreme Court,' that
24 'he wasn't actually engaged in argument and that he couldn't be
25 [there] by 1:00 o'clock, but he would be [there] either Thursday
26 afternoon...or any time Friday...if it (the pretrial conference)
27 could be reset." Id. at 628.
28 ///

1  That Court determined, in upholding the sanction, that "it could
2  reasonably be inferred from [counsel's] absence, as well as from
3  the drawn-out history of the litigation, that petitioner had been
4  deliberately proceeding in dilatory fashion."  Id. at 633.
5       Similarly, this Court properly exercised its discretion when
6  it imposed terminating sanctions on Plaintiffs.  Plaintiffs'
7  failure to appear at the Pretrial Conference was but one of their
8  transgressions.  During the course of this litigation,
9  Plaintiffs, *inter alia*, ignored court orders, failed to provide
10 discovery, failed to meet and confer with opposing counsel,
11 failed to submit a Pretrial Statement, witness lists, and exhibit
12 lists, and failed to appear at multiple hearings.
13      Additionally, all parties were warned in the Scheduling Order
14 that a failure to comply with its directives could result in
15 sanctions.  Furthermore, Plaintiffs were specifically threatened
16 with terminating sanctions in the Court's September 9, 2008,
17 minute order.  Yet, despite those warnings, Plaintiffs continued
18 to refuse to diligently prosecute this action, such refusal
19 culminating in their failure to appear at the Pretrial Conference
20 that, contrary to the facts in Link, had been on the calendar for
21 over one year.  Therefore, this Court's dismissal of Plaintiffs'
22 case was a proper sanction for Plaintiffs' failure to prosecute.
23      Also instructive is Ninth Circuit authority stating that
24 "because dismissal is such a severe remedy, [the court] has
25 allowed its imposition...only after requiring the district court
26 to weigh several factors:
27 (1) the public's interest in expeditious resolution of
28 litigation; (2) the court's need to manage its docket;

7

1  (3) the risk of prejudice to the defendants; (4) the public
2  policy favoring disposition of cases on their merits and (5) the
3  availability of less drastic sanctions." <u>Thompson v. Housing</u>
4  <u>Auth. of the City of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir.
5  1986). According to that court, "The court's
6  patience...indicates that it weighed the various factors
7  required...before imposing the sanction of dismissal." <u>Id</u>. at
8  832. As in <u>Thompson</u>, this Court had been patient with
9  Plaintiffs, granting extensions, imposing lesser sanctions on
10 Plaintiffs' counsel, and finally warning Plaintiffs that
11 terminating sanctions could be imminent. Such patience is
12 sufficient to evidence that this Court weighed the appropriate
13 factors prior to terminating this action.
14     Finally, it is of no small import that, contrary to the
15 mandate of Rule 60(b), Plaintiffs have come forth with no facts
16 sufficient to rise to the level of mistake or excusable neglect,
17 nor have Plaintiffs provided any newly discovered evidence
18 relevant to the Court's prior findings. Plaintiffs are simply
19 dissatisfied with this Court's decision. Such dissatisfaction
20 cannot justify reconsideration. Thus, Plaintiffs' Motion for
21 Reconsideration is DENIED.
22     IT IS SO ORDERED.
23 Dated: December 18, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE