UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DANIEL ROYBAL and VIDA, ROYBAL | No. 2:05-cv-01207-MCE-KJM |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| TRANS UNION, EXPERIAN INFORMATION SOLUTIONS, EQUIFAX INFORMATIONAL SERVICES, RICKENBACKER GROUP, INC. MEDAMERICA, and CITY TOWING, INC., | |
| Defendants. | |

Rickenbacker Group and City Towing filed the instant Motion for Attorneys' Fees pursuant to 15 U.S.C. § 1692k(a)(3), 15 U.S.C. § 1681n(c), California Civil Code §§ 1788.30(c), 1788.17, 1780(d), and 28 U.S.C. § 1927. For the following reasons, Defendants' Motion is denied.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

1    Defendants seek to recover attorneys' fees on multiple
2 grounds, each of which requires some showing of bad faith or
3 harassment.  See 15 U.S.C. § 1692k(a)(3) ("On a finding by the
4 court that an action under this section was brought in bad faith
5 and for the purpose of harassment, the court may award to the
6 defendant attorney's fees reasonable in relation to the work
7 expended and costs."); 15 U.S.C. § 1681n(c) ("Upon a finding by
8 the court that an unsuccessful pleading, motion, or other paper
9 filed in connection with an action under this section was filed
10 in bad faith or for purposes of harassment, the court shall award
11 to the prevailing party attorney's fees reasonable in relation to
12 the work expended in responding to the pleading, motion, or other
13 paper."); Cal. Civ. Code § 1788.17 (incorporating the above
14 federal remedies); Cal. Civ. Code § 1788.30(c) ("Reasonable
15 attorney's fees may be awarded to a prevailing creditor upon a
16 finding by the court that the debtor's prosecution or defense of
17 the action was not in good faith."); Cal. Civ. Code § 1780(e)
18 ("Reasonable attorney's fees may be awarded to a prevailing
19 defendant upon a finding by the court that the plaintiff's
20 prosecution of the action was not in good faith.").  This Court
21 simply finds no evidence that this action was brought in bad
22 faith or for the purpose of harassment.  Consequently,
23 Defendants' Motion to recover attorneys' fees from Plaintiffs is
24 DENIED.
25 ///
26 ///
27 ///
28 ///

        Additionally, Defendants seek to hold Plaintiffs' counsel jointly and severally liable for the requested fees pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

        Because the Court finds that Defendants are not entitled to attorneys' fees, Plaintiffs' counsel cannot be jointly and severally liable for such fees.  Moreover, this Court will not independently sanction Plaintiffs' counsel in this case as there is insufficient evidence in the record indicating counsel "unreasonably and vexatiously" multiplied the proceedings. Accordingly, Defendants' Motion for Attorneys' Fees is DENIED.

        IT IS SO ORDERED.

 Dated: February 17, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE